IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL DEQUINCY GREEN,<br>TDCJ No. 518622, | § <br> § <br> § | |
| Plaintiff, | § <br> § <br> § | |
| V. | § <br> § | No. 3:24-cv-2860-X-BN |
| PAROLE BOARD, | § <br> § <br> § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lowell Dequincy Green, a Texas prisoner sentenced to life in prison as a habitual offender – and a habitual filer of frivolous lawsuits in federal courts throughout Texas – submitted a filing *pro se* in this district that is difficult to decipher but appears to assert civil claims related to his arrest, conviction, and subsequent litigation. *See* Dkt. No. 2.

United States District Judge Brantley Starr referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Green neither paid the filing fee nor moved for leave to proceed *in forma pauperis* ("IFP"). But prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Green is subject to this three-strikes bar, as his

litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing [an] action [in another Texas federal district court earlier in 2018], he had at least five suits dismissed as frivolous. *Green v. State of Tex., et al.*, Civil Action Number 6:17-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Tex. Gov't, et al.*, Civil Action Number 6:16-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.*, Civil Action Number 6:16-419-RP (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Civil Action Number 7:16-00014-0 (N.D. Tex.) (dismissed as frivolous on February 24, 2016); and *Green v. William Stephens, et al.*, Civil Action Number 4:15-3257 (S.D. Tex.) (dismissed as frivolous on November 5, 2015).

*Green v. White*, Civ. A. No. H-18-2460, 2018 WL 3474469, at *1 (S.D. Tex. July 19, 2018); *see also Green v. Tex. Gov't*, 704 F. App'x 386 (5th Cir. 2017) (per curiam) ("Green's appeal is without arguable merit and is dismissed as frivolous. The dismissal of this appeal as frivolous and the district court's dismissal of Green's complaint as frivolous and for failure to state a claim[ – counted above – ]each count as a strike for purposes of 28 U.S.C. § 1915(g). Green is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (citations omitted)); *Green v. Stewart*, No. 3:19-cv-1070-B-BH, 2019 WL 2233281 (N.D. Tex. May 6, 2019), *rec. accepted*, 2019 WL 2225296 (N.D. Tex. May 23, 2019) (dismissing as barred by Section 1915(g) Green's "suit against the Fifth Circuit and the Clerk of that Court for violations of his constitutional rights," in which "he named the United States, four judges, and the clerk and a deputy clerk of the Fifth Circuit as defendants"); *Green v. Lumpkin*, Civ. A. No. H-20-3954, 2020 WL 7129731 (S.D. Tex. Dec. 3, 2020) (similar).

The only exception to this bar is when the prisoner is "under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g). But Green's construed complaint does not appear to allege that he is in imminent danger of serious physical injury and otherwise lacks substantive factual allegations to make such a showing so as to overcome Section 1915(g). The Court should therefore bar Green from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

And, because of his frivolous filing history in this Court and other federal courts, Green has been warned by the Fifth Circuit "that the continued filing of frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Green v. Davis*, No. 18-50044, slip order (5th Cir. July 2, 2018); *see also Green v. Tex. Parole Bd.*, No. 3:18-cv-2556-K-BK, Dkt. No. 22 (Oct. 10, 2024) (barring Green from filing further motions in closed action and warning "that continued filing of frivolous pleadings will result in additional sanctions—including, but not limited to, monetary sanctions or a complete bar to filing any future civil actions without first obtaining leave of court.").

But Green has continued to file frivolous actions, with at least five cases – all of which are incoherent or raise fantastical allegations – dismissed by this Court as barred just this year. *See Green v. Zomper*, No. 3:24-CV-215-Z-BR, 2024 WL 4557346 (N.D. Tex. Oct. 23, 2024); *Green v. Telford Unit*, No. 3:24-CV-1974-X-BN, 2024 WL 4194339 (N.D. Tex. Sept. 12, 2024); *Green v. Paxton*, No. 3:24-CV-1783-X-BN, 2024 WL 3869433 (N.D. Tex. Aug. 19, 2024); *Green v. Fifth Circuit Ct. of Appeals*, No. 3:24-

CV-1784-X-BT, 2024 WL 3851608 (N.D. Tex. Aug. 16, 2024); *Green v. Albright*, No. 3:24-CV-1018-D-BT, 2024 WL 3297485 (N.D. Tex. July 3, 2024). And since being warned again by this Court in October, Green has filed two further construed complaints – including this one. *See Green v. Parole Bd.*, No. 3:24-cv-2860-X-BN (filed Nov. 13, 2024); *Green v. Kinkeade*, No. 3:24-cv-2864-D-BN (filed Nov. 8, 2024).

Based on Green's filing history and continuing pattern of filing frivolous and delusional actions despite express warning by the Court regarding the consequences for doing so, sanctions should be imposed. And Green should be barred from filing future actions in this or any other federal court without first obtaining leave of court.

### Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Lowell Dequincy Green pays the full filing fee of $405. And the Court should bar Green from filing future actions in this or any other federal court without first obtaining leave of court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE